# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 15, 2020

159989

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

NASSER MOHAMAD BAZZI,
      Defendant-Appellant.
_____/

SC: 159989
COA: 347765
Wayne CC: 13-007077-FC

On order of the Court, the application for leave to appeal the May 30, 2019 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

CAVANAGH, J. (*dissenting*.)

I respectfully dissent from this Court's order denying defendant's application for leave to appeal because defendant presented sufficient evidence to warrant a remand for a *Ginther*[1] hearing on his claim of ineffective assistance of counsel.

In 2013, defendant was convicted after a jury trial of one count of first-degree criminal sexual conduct, MCL 750.520b(1)(a); two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); and two counts of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a), from charges stemming from the sexual abuse of his niece. His conviction was affirmed on appeal, and this Court denied his application for leave to appeal. *People v Bazzi*, 499 Mich 928 (2016). In 2018, defendant filed his first motion for relief from judgment. The trial court denied the motion, and the Court of Appeals denied defendant's application for leave to appeal. Defendant now seeks leave to appeal in this Court.

In his motion for relief from judgment, defendant contended, among other things, that his attorneys were ineffective for failing to request an interpreter on his behalf.

---

[1] *People v Ginther*, 390 Mich 436 (1973).

Defendant asserts that his primary language is Arabic and that he did not fully understand most of the trial proceedings, including plea negotiations. See *People v Gonzalez-Raymundo*, 308 Mich App 175, 188 (2014) ("The lack of simultaneous translation implicated defendant's rights to due process of law guaranteed by the United States and Michigan Constitutions.").

In support, defendant submitted four affidavits, the results of an English proficiency test, and the results of a polygraph examination. Two of the affidavits are from defendant's two trial attorneys; one of them avers that defendant's English comprehension "was very low," and the other says that defendant's English language comprehension "may have been compromised." Both state that they are not prepared to say with certainty that defendant fully understood the consequences of going to trial or his right to take the stand in his own defense. The polygraph examination results show that the examiner believed that defendant was being truthful when he responded "no" when asked whether he understood most of the trial because of language and whether his attorney thoroughly explained the prosecutor's plea offer.

This was more than sufficient to warrant a *Ginther* hearing on defendant's claim of ineffective assistance of counsel. I would remand to the trial court to hold such a hearing.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 15, 2020



Clerk

a0512